# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL NO. 3:05cv230

| | |
|---|---|
| JAMES AARON CHANCE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) **ORDER** |
| | ) |
| JO ANNE B. BARNHART, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

**THIS MATTER** is before the Court upon motion of the United States of America, pursuant to sentence four of 42 U.S.C. §405(g), to enter a judgment reversing the defendant Commissioner's decision with a remand of the cause to the defendant Commissioner for further administrative proceedings. (Doc. No. 8). The motion recites that the plaintiff assents to the remand, and the time has passed to respond in opposition to the motion.

According to the motion, on remand to the Commissioner, the case will be assigned to a new ALJ who will be instructed to consider whether the claimant met the necessary relationship requirement for entitlement to benefits based on equitable adoption under *Lankford v. Wright*, 347 NC 115, 489 S.E.2d 604 (1997). The ALJ will make findings as to each of the six elements of equitable adoption set forth in *Lankford*, and will provide a rationale for each finding which shall be grounded in the evidence of record. With respect to the sixth element under *Lankford*, intestacy, the ALJ will consider whether the claimant would have inherited from the deceased wage earner if he had died intestate, 20 C.F.R. § 404.355(b)(1), rather than whether the deceased

wage earner actually died intestate.

**IT IS, THEREFORE, ORDERED** that the Commissioner's decision is **REVERSED** and the cause is **REMANDED** to the Commissioner for further proceedings, pursuant to sentence four of 42 U.S.C. §405(g). The Clerk of the Court will enter a separate judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure. As there remains no justiciable dispute pending between the parties, upon the Clerk's entry of judgment, the Court's jurisdiction over this case shall terminate except for purposes of consideration and determination of motions for attorneys fees, including any motion for such fees under the Equal Access to Justice Act (EAJA). Plaintiff shall have thirty (30) days from final judgment in which to file any motion for attorneys fees under EAJA in this matter.

**Signed: December 20, 2005**

Robert J. Conrad, Jr.
United States District Judge